THE bill filed in this case involved many important points, but chiefly relative to the management and settlement of an estate. One point only seems necessary to be reported. It related to the allowance of commissions to the complainant, for managing the affairs of an estate.
The Circuit Judge stated the point and delivered his opinion as follows :
This case was referred to the master to investigate the accounts of complainant, as executor of Ellis ; also, his accounts against the defendants residuary legatees of Ellis, and to report thereon. It is now brought forward upon the master’s report on various exceptions which were made by the defendant, and which the master has submitted to the determination of the Court. 1. That executor is not entitled to commissions subsequent to 1789, because he never rendered any account to the ordinary from the time of passing the executor’s act in 1789, to the year 1799, when his transactions with the estate were closed, and the act expressly declares that executors shall annually, whilst the estate is in their care, render in their accounts upon oath, and if they neglect to do so, they should not be entitled to any commissions. Complainant’s counsel contended *79 that the law was not retrospective, and was only applicable to persons avIio should become executors subsequent to that period i that it was an ex post facto law and varied complainants contract, inasmuch as he was not previously obliged to render in such account. I am of opinion that no law can be enacted to make an executor responsible for acts done or duties omitted where there was no law which enjoined him to the performance of them ; nor could he be made subject to any penalty on that account j for where there is no law, there can be no transgression : consequently no penalty can be inflicted. But the law in question cannot by any means be deemed an ex post facto law; it imposes no penalty for past transactions, it only declares what shall be the conduct of executors hereafter, and what the consequences of their neglect to pursue the line of conduct therein prescribed. If the executor has neglected to render in his account as the law directs, subsequent to the enacting of it, he is undoubtedly subject to the penalty thereby inflicted. It would be a very extraordinary doctrine to lay down, that those only should be liable to the penalty who should become executors subsequent to the passing of the law, and that those who were executors anterior to it might violate it with impunity.
Dr. Ramsay and PriNgxe, argued for complainant..
Ford, for defendant.
Decree that commissioners be allowed on the accounts prior to the act of 1789 and disallowed on the-accounts subsequent to that time.
From the decree given on the other points of the case, there was an appeal, and the decree was affirmed. But there was no appeal on the point of commissions.